**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **MARK A. BEAVERS,** ) | **CASE NO. 7:14CV00433** |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ) | |
| **PULASKI COUNTY NRVRJ,** *et al.,* ) | **By: Norman K. Moon** |
| ) | **United States District Judge** |
| **Defendants.** ) | |

Mark A. Beavers, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. He alleges that while he was incarcerated at the New River Valley Regional Jail ("NRVRJ") facility in Pulaski County in 2014 the tap water available to inmates was not good to drink. "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" and "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." 28 U.S.C. § 1915A(a)-(b)(1). Upon review of Beavers' complaint, I conclude that he has stated no factual basis for a § 1983 claim and, therefore, will dismiss this case without prejudice.

I.

According to Beavers' submissions, in the summer of 2014, after water department officials worked on water lines at the jail, the water tasted and appeared rusty. Jail officials provided bottled water for inmates to drink until water department employees flushed the jail's water lines and tests of the water quality came back clear. Beavers filed an inmate grievance in

late July, however, asking for bottled water because the jail's water still looked and tasted rusty. Officials responded that tests of the water had showed it to be clean and rust-free.

Beavers then filed this lawsuit, complaining that the jail's water was "still unfit to drink" and needed further testing and that the jail was not providing "any clean drinking water." Beavers sues "(Pulaski County) NRVRJ water department" and the jail itself. As relief, he seeks "clean water to drink and hygiene. Also, any liabilities that may arise . . . health, etc." (ellipsis in original). Two weeks later, Beavers notified the court that he had been released from incarceration, but wanted to proceed with his lawsuit.

II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The jail and the water department, as the only defendants Beavers has named in this action, are not "persons" subject to suit under § 1983. *See Preval v. Reno,* 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, I must dismiss Beavers' complaint without prejudice under § 1915A(b)(1), as legally frivolous.[1]

---

[1] In any event, Beavers' allegations do not provide a factual basis for any constitutional claim based on his dissatisfaction with the appearance and taste of the water at the jail. Any claim Beavers may have had for injunctive relief to direct officials to order additional testing of the water is moot, because he is no longer subject to those conditions. *See Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987) (holding that transfer of a prisoner rendered moot his claim for injunctive relief). Furthermore, since Beavers does not allege that he suffered any serious physical injury from the distasteful water, he also has no claim of constitutional dimensions for monetary relief. *See Strickler v. Waters*, 989 F.2d 1375, 1380-1381 (4th Cir. 1993) (holding that claim of unconstitutional jail conditions requires showing causation of serious injury).

The clerk will send a copy of this memorandum opinion and the accompanying order to Beavers.

**ENTER**:  This  8th   day of May, 2015.

                                                    _____
                                                    NORMAN K. MOON
                                                    UNITED STATES DISTRICT JUDGE